# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL YONATHAN JIMENEZ SOTO,<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER,<br>Respondent. | Case No. 1:26-cv-06094-SAB-HC<br>A-Number: 220-791-096<br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING RESPONDENTS TO PROVIDE PETITIONER WITH A BOND HEARING, AND DIRECTING CLERK OF COURT TO CLOSE CASE |

Petitioner is an immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties have consented to the jurisdiction of a United States magistrate judge. (ECF Nos. 5, 7, 9.)

## I.

## BACKGROUND

Petitioner is a citizen of Honduras who entered the United States on an unknown date without being admitted or paroled by an immigration officer. (ECF No. 8 at 4, 10.[1]) On June 2, 2026, Petitioner was arrested after a traffic stop for no valid driver's license, unregistered vehicle, and attached tag not assigned. (Id. at 4.) Petitioner was subsequently transferred to U.S. Immigration and Customs Enforcement ("ICE") custody. (ECF No. 1 at 8; ECF No. 8 at 5, 8.)

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

On June 20, 2026, the Department of Homeland Security issued a notice to appear. (ECF No. 8 at 10.)

On August 3, 2026, Petitioner filed the instant petition for writ of habeas corpus raising a prolonged detention due process claim. (ECF No. 1 at 6–8.) The Court construed the petition "as also raising a claim challenging the statutory authority of Petitioner's detention." (ECF No. 4 at 1.) On August 26, 2026, Respondents filed a response. (ECF No. 8.)

**II.**

**DISCUSSION**

The Court finds that issuance of this order is appropriate despite the time for Petitioner to file a reply to Respondents' response having not yet expired.

Respondent argues that "[d]etention in this case was pursuant to 8 U.S.C. § 1225(b)(2)(A), and Respondent respectfully maintains position that such provision governs here." (ECF No. 8 at 1.) However, as acknowledged by Respondent, Respondent's position has been rejected by the Ninth Circuit in Rodriguez Vazquez v. Bostock, --- F.4th ----, 2026 WL 2196424 (9th Cir. July 30, 2026). Accordingly, § 1226(a), not § 1225(b)(2)(A), governs Petitioner's detention.

> "Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)." *Chogllo Chafla*, 2025 WL 2688541, at *11. "Section 1226(a) plainly states: '*On a warrant issued by the Attorney General*, a [noncitizen] may be arrested and detained ...." *Chogllo Chafla*, 2025 WL 2688541, at *11 (quoting 8 U.S.C. § 1226(a)). "As such, it follows that absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a)." *Id.*

J.A.C.P. v. Wofford, No. 1:25-cv-01354-KES-SKO (HC), 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025). Here, Respondents have submitted a copy of the Form I-200 warrant. (ECF No. 8 at 8.) Accordingly, Petitioner is entitled to a bond hearing rather than immediate release.

**III.**

**ORDER**

Based on the foregoing, the Court HEREBY ORDERS that:

1. The petition for writ of habeas corpus be GRANTED on the construed claim challenging the statutory authority of Petitioner's detention.

2. Within seven (7) days of the date of service of this order, Respondents SHALL provide Petitioner Angel Yonathan Jimenez Soto (A-Number: 220-791-096) with a bond hearing before a neutral arbiter pursuant to 8 U.S.C. § 1226(a) and its implementing regulations. Respondents SHALL arrange for the bond hearing to be recorded.
3. Respondents SHALL immediately provide Petitioner with a copy of this Order and SHALL provide him with 72 hours' written or oral notice before the bond hearing in a language that he can understand. Petitioner may be represented by counsel at this hearing, and Respondents may extend the deadline at Petitioner's request so that he can obtain counsel. If Petitioner obtains counsel, and if counsel has filed an appearance in the immigration proceedings, Respondents SHALL provide Petitioner's counsel with 72 hours' written notice before the bond hearing.
4. The Clerk of Court is DIRECTED to serve the California City Immigration Processing Center with a copy of this Order.
5. The Clerk of Court is DIRECTED to CLOSE the case.

IT IS SO ORDERED.

Dated: **August 28, 2026**

STANLEY A. BOONE
United States Magistrate Judge